Filed 1/8/26  Conservatorship of J.L. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of J.L. | |
| SUSAN L. HOLT, as Conservator, etc., | F088391 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CEPR00468) |
| v. | |
| J.L., | **OPINION** |
| Objector and Appellant. | |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Brian M. Arax, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Objector and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Snauffer, J.

## INTRODUCTION

Appellant J.L. (appellant) appeals from the trial court's denial of a petition of rehearing, after it granted the Fresno County Public Guardian's petition for conservatorship under the Lanterman-Petris-Short Act. (Welf. & Inst. Code, § 5000 et seq.) On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529. Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 28, 2024, the public guardian filed petitions in the Superior Court of Fresno County to appoint a temporary conservator, and also for a conservatorship, over the person of appellant, an adult. The petition alleged appellant was gravely disabled and unable to properly provide for his personal needs for health, food, clothing, or shelter. On the same day, the court appointed an attorney to represent appellant.

On April 3, 2024, the trial court conducted a hearing on the petition for a temporary conservatorship. Appellant's counsel was present. Appellant had requested the hearing but declined to appear. The court granted the petition for a temporary conservatorship based on the affidavit of Dr. Toral Desai.

### Contested Hearing

Appellant requested a contested hearing on the petition for a conservatorship.

On April 25, 2024, the trial court conducted the contested hearing. Appellant's counsel was present, and appellant appeared by videoconference.

The public guardian's case was presented through the testimony of Dr. Desai, appellant's treating psychiatrist. Dr. Desai testified appellant was currently residing in a locked facility. He was diagnosed with a mental disorder, unspecified psychosis, most likely a schizoaffective disorder, bipolar type. Appellant displayed paranoia, grandiose delusions, disorganized behavior, and bipolar and manic symptoms. Dr. Desai testified

2.

appellant should continue to be housed in a locked facility since he is not safe because of his delusions, his belief system is not in alignment with reality, and he could harm himself or others if he acted on his delusions.

Appellant testified and stated he made a Crime Stoppers report "about criminals who were spying on people who have trust funds," the criminals wanted revenge on him, he ran into traffic to evade them, they jumped him, the police and a behavioral worker assaulted him, he was beaten and Tasered, and he was placed in the locked facility. Appellant said he could live in his father's "coach" in his backyard, he was not a danger and did not have weapons, his father and siblings had guns, and said the house was on fire because he was going to barbeque.

The trial court found the public guardian met its burden of proof, granted the petition, and found the least restrictive placement was a locked facility.

**Petition for Rehearing**

On June 20, 2024, appellant filed a petition for a rehearing regarding his status as a conservatee on grounds that he was no longer gravely disabled.

On July 11, 2024, the trial court conducted a hearing on the matter. Appellant's counsel was present and appellant appeared by videoconference.

The public guardian's case was presented by Dr. Yelena Semenova, a psychiatrist, who evaluated appellant and testified he was gravely disabled, he suffered from a mental disorder, schizoaffective disorder, bipolar type, and he should continue to be treated in a locked facility. Appellant had previously been hospitalized for over two months at a facility in San Jose, and had been in his current placement since June.

Dr. Semanova testified that in his current placement, appellant was treated with medication and made substantial improvement, but he claimed the medication was "cooking his brain" and he would stop taking them if he was released.

Appellant's thought processes were disorganized, tangential, and paranoid. His delusional beliefs were very complex, and he claimed he was in a locked facility because

3.

he was drugged and beaten by people who targeted him, and claimed he was stabbed in the eye and assaulted and beaten by staff associated with criminal cartels. His claims against the staff were unsubstantiated.

Dr. Semenova testified appellant was unable to provide for his basic needs for food, shelter, and clothing. He claimed he would live with family members upon release, but this claim was unsubstantiated because appellant refused to give permission for the staff to contact his family. There were letters from his family, however, that stated they were afraid of appellant and unable to provide assistance to him because he previously assaulted his stepfather, attempted to kill his brother, reported hearing voices about killing his mother, tried to set on fire his father's house and sister's yard, and his father has dementia. Appellant's alternate living plan was to find a group home.

Appellant appeared by videoconference and testified he did not have schizoaffective disorder but suffered from depression. Appellant said criminals were persecuting him, they assaulted his wife, and he was drugged, beaten, and taken into custody. Appellant said the same people set a fire in his backyard, chased him into the wilderness in a truck, and beat and Tasered him. Appellant said he never heard voices to kill his mom, but criminals entered the house and tried to kill him, and also tried to make him kill his mother. If he was released, he would live in a group home and keep going to the doctor.

The trial court denied appellant's petition for rehearing and found he was gravely disabled, he could not independently provide for himself, and he was definitely a danger to himself and others.

On July 23, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a brief with this court pursuant to *Conservatorship of Ben C*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On October 13, 2025, this court

4.

advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues.  Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The trial court's order of July 11, 2024, is affirmed.